UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLACK STALLION ENTERPRISES,** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-4504 c/w 09-6656**<br>**Filed in: 09-6656** |
| **BAY & OCEAN MARINE, LLC,** *in personam*, **and M/V AMERICAN LADY, her engines, tackle, appurtenances, etc.,** *in rem* | **SECTION "C" (1)** |

### ORDER AND REASONS

Before this Court is Plaintiff's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c). (Rec. Doc. 104). Having reviewed the memoranda of counsel and the applicable law, the Motion to Dismiss is DENIED for the following reasons.

### I. Background

Black Stallion Enterprises ("Black Stallion") initiated the lead case in this matter on July 27, 2009. (Rec. Doc. 1). As the hull insurer for the defendants in the lead case, OneBeacon Insurance Company ("OneBeacon") subsequently filed this suit seeking a declaratory judgment that Black Stallion's alleged damages were not covered by the pertinent maritime insurance contract and that OneBeacon owed no defense or indemnity to the defendants in the lead case - Bay & Ocean Marine Towing, LLC ("Bay & Ocean") and Block One Marine, Inc. ("Block One").

Bay & Ocean and Block One asserted a counterclaim in the declaratory judgment action, alleging that pursuant to L.R.S. 22:1892 and 22:1973 they were entitled to damages, penalties, costs, and attorneys' fees due to OneBeacon's refusal to defend them in the lead case as well as for bringing the declaratory judgment action without probable cause. (Rec. Doc. 6 at 3-4).

1

OneBeacon's present motion argues that this Court should dismiss the above counterclaim on the grounds that neither the insurance policy nor L.R.S. 22:1892 and 22:1973 authorize an award of attorneys' fees in an insurance coverage dispute. (Rec. Doc. 104).

## II. Law and Analysis

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 (5th Cir. 2002). In determining whether dismissal is appropriate, the court must decide whether the facts alleged in the pleadings, if true, would entitle the plaintiff to some sort of legal remedy. *Ramming v U.S.,* 281 F. 3d 158, 162 (5th Cir. 2001); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). The Supreme Court has put it this way: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain. *Voest-Alpine Trading USA Corp. v. Bank of China,* 142 F.3d 887, 891 (5th Cir. 1998).

Under Louisiana law, attorneys' fees can only be awarded if authorized by contract or statute. *Steptore v. Masco Const. Co., Inc.*, 643 So.2d 1213, 1218 (La. 8/18/94). Furthermore, the general rule in Louisiana is that an insured must pay his or her own legal costs involved in a coverage dispute. *Id.*

OneBeacon maintains that because the insurance policy at dispute does not provide for an

award of attorneys' fees, then Bay & Ocean and Block One can only obtain the attorneys' fees they request if authorized by either L.R.S. 22:1892 or 22:1973. (Rec. Doc. 104 at 5). OneBeacon argues that neither L.R.S. 22:1892 nor 22:1973 provide for attorneys' fees in the event that an insurer undertakes the defense of its insured while simultaneously seeking a declaration of coverage from the court. *Id.* at 7. Specifically, OneBeacon argues that Bay & Ocean and Block One have failed to allege facts that could establish a violation of one of the six enumerated duties imposed by L.R.S. 22:1973. *Id.* Finally, OneBeacon asserts that Bay & Ocean and Block One have not alleged facts that could establish a violation of L.R.S. 22:1892. *Id.* at 10.

Taking the allegations of the counterclaim as true for purposes of the present motion, the Court notes that OneBeacon has failed to appoint counsel to defend the entire action against Bay & Ocean and Block One. (Rec. Doc. 6 at 3). Under Louisiana law "if a complaint contains even one allegation that is not unambiguously excluded from coverage under the policy, 'the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside of the policy's coverage.'" *Liberty Mutual Ins. Co. v. Jotun Paints Inc.*, 555 F.Supp.2d 686, 695 (E.D. La 2008) (quoting *Coleman v. Sch. Bd. Richland Parish*, 418 F.3d 511, 523 (5th Cir. 2005)) (internal quotations omitted). Because Bay & Ocean and Block One allege that OneBeacon has only provided a defense for a portion of the lead case, the Court finds that the counterclaim contains sufficient factual allegations to establish a violation of Louisiana law. Therefore the Court will not dismiss this allegation.

Furthermore, Bay & Ocean and Block One have asserted that they incurred costs defending themselves in the lead case, which they claim are owed them by OneBeacon. (Rec. Docs. 6 at 3 & 109 at 3-4). Taking these allegations as true for purposes of the present motion, Bay & Ocean and

Block One are contractually entitled to these attorneys' fees and therefore these claims shall not be dismissed. *See Coleman v. Sch. Bd. Richland Parish*, 418 F.3d 511, 525 (5th Cir. 2005) (holding that under Louisiana law an insurer who breaches its duty to defend its insured is liable in damages for attorneys' fees and costs, which the insured incurred in defending the suit).

Finally, this Court notes that Louisiana courts permit awards of attorneys' fees when the insurer's refusal to defend its insured is "arbitrary and capricious," meaning that the insurer's, "willful refusal of a claim is unreasonable or without probable cause." *Shaffer v. Stewart Const. Co., Inc.*, 865 So.2d 213, 221 (La.App. 5 Cir. 1/13/04). Furthermore, in *Credeur v. McCullough*, 702 So.2d 985 (La.App. 3 Cir. 10/29/97), the court held that an insurer violated L.R.S. 22:1220(B)(1)[1] because its unjustified refusal to defend the insured was a misrepresentation of pertinent facts relating to the coverage issue. 702 S.2d at 987.

OneBeacon argues that *Credeur* and *Shaffer* do not apply to this case because unlike the insurers in *Credeur* and *Schaffer*, it did not refuse to defend its insured, but merely filed a declaratory action to determine if it was required to defend its insured. (Rec. Doc. 116 at 2). However, the *Credeur* and *Schaffer* courts do not draw a distinction between different types of coverage disputes, such as an action to compel a defense versus a declaratory action seeking to terminate a defense. Rather *Credeur* and *Schaffer* stand for the proposition that insureds may recover attorneys' fees incurred in coverage disputes, provided that the insurers' reasons for denying coverage are arbitrary and capricious or unreasonable or without probable cause. 702 So.2d at 987; 865 So.2d at 221.

When an insurer files a declaratory judgment action claiming that it has no duty to defend

---

[1] Now cited as L.R.S. 22:1973(B)(1).

its insured, it is initiating a coverage dispute. While Louisiana law clearly states that the insured is responsible for paying his own legal fees in such coverage disputes, there is an exception for attorneys' fees incurred in coverage disputes that are unreasonable or without probable cause. *Howell v. American Cas. Co. of Reading, PA*, 691 So.2d 715, 727 (La.App. 4 Cir. 3/19/97) ("L.R.S. 22:658[2] allows the award of attorney's fees for litigating coverage issues only if the insurer acted arbitrarily and capriciously.").

Therefore, because Louisiana law allows insureds to recover attorneys' fees when their insurers unreasonably refuse coverage, Plaintiff's motion to dismiss must be denied, as Bay & Ocean and Block One have pled sufficient facts to establish that they are plausibly entitled to relief.

### III. Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Dismiss is DENIED. (Rec. Doc. 104).

New Orleans, Louisiana this 25th day of April, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[2] Now cited as L.R.S. 22:1892.