UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLACK STALLION ENTERPRISES** | **CIVIL ACTION** |
| **VERSUS** | **NO:   09-4504**<br>**c/w 09-6656** |
| **BAY AND OCEAN MARINE TOWING LLC,**<br>**ET AL.** | **SECTION: "C" (1)** |

## ORDER AND REASONS

Before this Court is Third-Party Defendant, International Register of Shipping's ("IROS")

Motion for Summary Judgment. (Rec. Doc. 107).  Having reviewed the memoranda of counsel and

the applicable law, the Motion for Summary Judgment is GRANTED for the following reasons.

## I.  Background

Black Stallion Enterprises ("Black Stallion") initiated the lead case in this matter alleging

that Defendant  Bay & Ocean Marine Towing, LLC ("Bay & Ocean") damaged its barge the

MAINE by negligently towing the MAINE directly across the Gulf of Mexico. (Rec. Doc. 72 at 10).

As Bay & Ocean's hull insurer, OneBeacon Insurance Company ("OneBeacon") recently filed a

third-party complaint alleging that IROS issued a load-line certificate and approved the MAINE's

voyage to the Dominican Republic despite the fact that the barge may have been unseaworthy. (Rec.

Doc. 74 at 3-4).  In its present motion IROS argues that it is entitled to summary judgment on

OneBeacon's third-party complaint, because IROS did not breach any duty that it owed to

Defendants.

## II.  Law and Analysis

### A.  *Standard of Review*

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

### B.  Analysis

While the Fifth Circuit has recognized that federal maritime law recognizes the tort of negligent misrepresentation, it has also cautioned courts to strictly and carefully limit that tort when applied to classification societies. *Otto Candies, LLC. v. Nippon Kaiji Kyokai Corp.*, 346 F.3d 530,

534-35 (5th Cir. 2003).  Specifically the Fifth Circuit warned that imposition of liability on classification societies should not derogate from shipowners' and charters' nondelegable duty to maintain seaworthy vessels. *Id.* at 534.  The Fifth Circuit approvingly cited *Sundance Cruises Corp. v. American Bureau of Shipping*, 7 F.3d 1077 (2nd Cir. 1993), as a definitive examination of the duties of classification societies. *Id.* That case upheld *Sundance Cruises Corp. v. American Bureau of Shipping*, 799 F.Supp 363 (S.D.N.Y. 1992), which is the case OneBeacon relies on as establishing a cause of action for negligent supply of information. (Rec. Doc. 110 at 4); 799 F.Supp at 382 (citing *Coastal (Bermuda), Ltd. v. Saybolt & Co.*, 826 F.2d 424, 428-29 (5th Cir. 1987).

In order to establish the negligent supply of information under *Sundance Cruises,* a plaintiff must show that the defendant:  (1) at plaintiff's request supplied information for its guidance;  (2) failed to use reasonable care in so doing;  (3) knew plaintiff would rely on the information for particular purposes; and (4) plaintiff suffered an economic loss because it relied on the information. 799 F.Supp at 382.

OneBeacon maintains that it satisfies all of the above because (1) IROS was hired to conduct a load-line certification survey, which necessarily includes an assessment of the seaworthiness of the barge; (2) IROS failed to adequately survey the hull, as the IROS surveyor did not inspect the bottom plating of the hull; (3) the owner and tower of the barge relied on the certificate in undertaking the voyage; and (4) suffered damage as a result.  (Rec. Doc. 110 at 5).

The Court begins its analysis by noting that OneBeacon has failed to produce evidence to establish the third element in *Sundance Cruises.*  At no point has OneBeacon suggested that  IROS knew that Bay & Ocean would rely on the load-line certification survey for any particular purpose other than securing authorization to leave U.S. waters.  In its request for surveys, Bay & Ocean requested Class Hull/Machinery, load line and tonnage surveys.  (Rec. Doc. 110-3 at 1).  Left blank

on that request form were entries for "seaworthiness and bottom surveys." *Id.*  The survey report stated that the hull above the waterline was in satisfactory condition "as far as could be seen."  The survey likewise recommended a drydock survey of the entire hull upon arrival.  Therefore this Court finds that OneBeacon has failed to produce evidence that IROS knew that Bay & Ocean would rely on its load-line survey to determine the seaworthiness of the MAINE.  Bay & Ocean failed to request or pay for such a survey, which was clearly available as an additional service offered by IROS for a fee.

Nevertheless, OneBeacon argues that pursuant to Coast Guard regulations a load-line assignment requires as assessment of the seaworthiness of a vessel.  (Rec. Doc. 110 at 3).  The only evidence submitted by OneBeacon is a print-out from a Coast Guard website stating that "most commercial *U.S. vessels*...must have a load line certificate when venturing outside the U.S. Boundary Line." (Rec. Doc. 110-2 at 1) (emphasis added).  However, at no point has OneBeacon explained why or how this website overview applied to the MAINE, which was a Sierra Leone vessel, not a U.S. vessel.  OneBeacon also cites to 46 C.F.R. § 42.09-1, but that regulation only states that "[t]he assignment of load lines is conditioned upon the structural efficiency and satisfactory stability of the vessel...." 46 C.F.R. § 42.09-1(a).  It is not evident to this Court that 46 C.F.R. § 42.09-1 requires a load-line surveyor to examine the bottom plates of a hull before issuing a provisional load line, nor has OneBeacon cited any case law to support such a contention.  Finally, even if this regulation did create such a duty, OneBeacon has cited no case law suggesting that this duty would be owed to Bay & Ocean, rather than to some other party.  *C.f. Smith v. Trans-World Drilling Co.*, 772 F.2d 157, 160 (5th Cir. 1985) (holding that Jones Act negligence *per se* required the plaintiff to show that he was a member of the class of intended beneficiaries of the allegedly breached regulation).  Therefore this Court finds that OneBeacon has failed to establish the third

4

element of negligent misrepresentation under *Sundance Cruises*.

Furthermore, this Court finds that like the plaintiff in *Sundance Cruises*, OneBeacon has not produced "a scintilla of evidence with respect to the first of the required allegations." 799 F.Supp. at 382. Like the classification society in *Sundance Cruises*, IROS was only requested to perform a classification survey and to issue a load line. *Id.* at 365. In *Sundance Cruises* the plaintiff paid the defendant classification society $85,000 to certify a large cruise ship as within class and to issue a load line. *Id.* at 370. After a four-month survey the classification society issued the requested certificates. *Id.* at 369. Fifteen days after receiving the certificates, the cruise ship ran aground. *Id.* at 370. The shipowners in turn sued the classification society for failing to notice and inform them that the vessel had defects that compromised its watertight integrity. *Id.* Nevertheless, the court found that merely issuing a classification certificate and load line was not enough to satisfy the first element of negligent misrepresentation. *Id.* at 382.

In reaching this conclusion the court distinguished *International Ore & Fertilizer v. SGS Control Services*, 743 F.Supp. 250 (S.D.N.Y.1990), on the grounds that in that case "rather than having asked the defendant for a certificate (or license) that would have permitted the operation of a ship or the obtaining of insurance, the shipowner had asked the defendant to make an examination of its ship's holds for the specific purpose of determining whether or not they were sufficiently clean safely to receive a specified delicate cargo." 799 F.Supp at 382. Similarly the *Sundance Cruises* court distinguished *Dillingham Tug & Barge v. Collier Carbon*, 548 F.Supp. 691 (N.D.Ca. 1981) and *Somarelf v. American Bureau of Shipping*, 704 F.Supp. 59 (D.N.J. 1989), on the grounds that the shipowner in *Dillingham* sought assurance that its barge was seaworthy for a specific extraordinary voyage under specific extraordinary conditions, while the shipowner in *Somarelf* requested the defendant to calculate the tonnage of two of its vessels so that the appropriate fees

5

payable for passage through the Suez Canal could be determined.  799 F.Supp at 382.

This Court finds this case to be more similar to *Sundance Cruises* than to *Dillingham, Somarelf* or *International Ore.*  Just as in *Sundance Cruises*, Defendant merely requested IROS to conduct a load-line survey and issue a certificate that would permit the MAINE to complete a voyage to the Dominican Republic.  Unlike the plaintiffs in *Dillingham, Somarelf* or *International Ore*, Defendants did not request IROS to provide any special information or conduct any special surveys, which they specially required for their voyage.  (Rec. Doc. 110-3 at 1).

While OneBeacon argues that Defendants were entitled to rely on the load-line survey as a confirmation of the MAINE's seaworthiness, such a conclusion would "have the effect of making the classification society an absolute insurer of any vessel it surveys and certifies" and such a liability is "not in accord with the intent of the parties, the fees charged or the services performed." *Great American Ins. Co. v. Bureau Veritas*, 338 F.Supp. 999, 1012 (S.D.N.Y. 1972).

Therefore this Court finds that OneBeacon has produced no evidence that Defendants requested IROS to issue a load-line certificate in order to obtain any "information for their guidance."  799 F.Supp at 382.   Because the Fifth Circuit requires district courts to strictly and carefully limit the tort of negligent misrepresentation when applied to classification societies, this Court must dismiss OneBeacon's claims against IROS.  *Otto Candies*, 346 F.3d at 534-35.


### III.  Conclusion

Accordingly,


6

IT IS ORDERED that IROS's Motion for Summary Judgment is GRANTED and OneBeacon's claims against IROS are DISMISSED WITH PREJUDICE.  (Rec. Doc. 107).

New Orleans, Louisiana, this 6th day of May, 2011.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**